IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WANDA LAYNE DIGGS,** <br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF THE AIR FORCE, and THE DEPARTMENT OF VETERANS AFFAIRS,** <br> Defendants. | Case No.: 3:20-cv-16 <br> Judge Richardson / Frensley |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION AND BACKGROUND

Plaintiff Wanda Layne Diggs ("Ms. Diggs") filed this pro se action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that Defendants United States Department of the Air Force and The Department of Veterans Affairs ("Defendants") violated her First, Ninth, Thirteenth, and Fourteenth Amendment rights. Docket No. 1, p. 3-4.

Pending before the Court is a Motion to Dismiss, filed by Defendants. Docket No. 11. Along with their Motion, Defendants have filed a supporting Memorandum of Law. Docket No. 12. Ms. Diggs filed a response to Defendants' Motion to Dismiss. Docket No. 23. For the reasons discussed below, the undersigned finds that this Court lacks subject matter jurisdiction over Ms. Diggs' claims. The undersigned therefore recommends that Defendants' Motion to Dismiss (Docket No. 11) be **GRANTED**.

### II.   LAW AND ANALYSIS

#### A.   Motion to Dismiss for Lack of Subject Matter Under 12(b)(1)

Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject

matter jurisdiction. A party seeking to dismiss a claim pursuant to Rule 12(b)(1) may engage in either, (1) a facial attack to the complaint; or (2) a factual attack on the allegations averred in the pleadings. *United States v. Ritchie*, 15 F. 3d 592, 598 (6th Cir. 1994); *see Ohio Nat'l Life Ins. Co. v. United States*, 922 F. 2d 320, 325 (6th Cir. 1990).

A facial attack is a challenge to the court's subject matter jurisdiction that takes the material allegations of the complaint as true and construes them in the light most favorable to the nonmoving party. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F. 3d 1125, 1134-35 (6th Cir. 1996). On such an attack, the Court must take all material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Ritchie*, 15 F. 3d 592 at 598 (*citing Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).

In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F. 3d 592, 598 (6th Cir. 1994); *see also*, *Ohio Nat'l Life*, 922 F. 2d at 325. Where the court considers a factual, rather than a facial, jurisdictional attack, it is free to weigh the evidence and resolve disputed questions of fact bearing on the court's jurisdiction. *See Rogers v. Stratton Indus., Inc.*, 798 F. 2d 913, 915 (6th Cir. 1986); *Ohio Nat'l Life*, 922 F. 2d at 325. The district court's factual findings, however, do not bind the Court in future proceedings, and "[t]he res judicata effect of a 12(b)(1) motion is . . . limited to the jurisdictional issue." *Ohio Nat'l Life,* 922 F. 2d 320 at 325.

In this case, Defendants are making a facial attack of Ms. Diggs' claims, asserting that this Court lacks subject matter to hear her claims because of the Veterans' Judicial Review Act ("VJRA") and the *Feres* doctrine. *See* Docket 12, p. 5. Thus, we must take all material allegations in the complaint as true and construe them in the light most favorable to Ms. Diggs.

### B. Veterans' Judicial Review Act

Under the Veterans' Judicial Review Act ("VJRA"), the "Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision . . . that affects the provision of benefits by the Secretary to veterans . . . ." 38 U.S.C. 511(a). "[T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court." *Id*. The Law further provides that "all questions in a matter which under [§ 511(a) of Title 38] is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board [of Veterans' Appeals]." 38 U.S.C. § 7104(a). The decisions of the Board of Veterans' Appeals (the "Board") is then reviewable by the Court of Appeals for Veterans Claims, which has the "exclusive jurisdiction to review decisions of the Board []." 38 U.S.C. § 7252(a).

Section 7252(c) further provides that decisions of the Court of Appeals for Veterans Claims are subject to review as provided in § 7292. Section 7292(a) states:

> After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision. Such review shall be obtained by filing a notice of appeal with the Court of Appeals for Veterans Claims within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts.

38 U.S.C. § 7292(a). Subsection (c) further states that the "United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c).

The Sixth Circuit has held that the text of the VJRA and the "extensive legislative history" of the VRJA demonstrate Congress's intent to make the process outlined above the exclusive source of review in veterans' benefits claims. *Beamon v. Brown*, 125 F. 3d 965, 970 (6th Cir. 1997).

3

In making this determination, the Sixth Circuit explained that § 511 creates "broad preclusion of judicial review of VA decisions." *Id*. Accordingly, the Sixth Circuit has held that the VJRA deprives district courts of subject matter jurisdiction over VA decisions relating to a plaintiff's benefits claim, including constitutional issues. *Id*. at 970-974. *See also Newsom v. Dep't of Veterans Affairs*, 8 F. App'x 470, 471 (6th Cir. 2001)(holding that the district court lacked subject matter jurisdiction because Congress had given exclusive jurisdiction over claims regarding veterans benefits with the Court of Veterans Appeals); *Thompson v. Veterans Affairs*, 20 F. App'x 367, 369 (6th Cir. 2001)(explaining that the VRJA precludes district courts from reviewing decisions on veteran's benefits, including constitutional challenges to the procedures); *Aikens v. U.S. Dep't of Veterans Affairs*, 2010 U.S. Dist. LEXIS 13653, 2010 WL 625369, (E.D. Tenn. Feb. 17, 2010)("[N]o decision that affects the provision of veterans benefits may be reviewed by any court by mandamus or otherwise.")

        **C.**       **The Federal Tort Claims Act (FTCA) and the *Feres* Doctrine**

The "United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA, which provides that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, acts as a waiver of the federal government's sovereign immunity in limited contexts and "is the exclusive remedy for suits against the United States or its agencies sounding in tort." *Himes v. United States*, 645 F. 3d 771, 776 (6th Cir. 2011) (citing 28 U.S.C. § 2679(a)); *Young v. United States*, 71 F. 3d 1238, 1241 (6th Cir. 1995). This exclusive remedy further extends to the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his or her employment. 28 U.S.C. § 2679(b)(1).

4

The FTCA's waiver of the United States' immunity from suit for torts committed by federal employees is limited and is subject to several conditions. *See Ellison v. United States*, 531 F. 3d 359, 361 (6th Cir. 2008). One of these conditions is that the claimant must present his claim in writing to the appropriate agency within two years of the date the claim accrued. 28 U.S.C. § 2401(b); *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015); *United States v. Kubrick,* 444 U.S. 111, 113 (1979); *Blakely v. United States*, 276 F. 3d 853, 865 (6th Cir. 2002). The general rule is that a tort claim under the FTCA accrues at the time of a plaintiff's injury. *Kubrick*, 444 U.S. at 120; *Hertz v. United States*, 560 F. 3d 616, 618 (6th Cir. 2009). When a plaintiff knows, or in the exercise of reasonable diligence should know, of the fact that he has been injured and who has caused his injury, his claim has accrued, regardless of whether he knows the legal basis for such a claim. *Hertz*, 560 F. 3d at 618-19.

However, the FTCA excludes from this waiver of immunity "any claim arising out of combatant activities of the military, or naval forces, or the Coast Guard, during time of war." See 28 U.S.C. § 2680 (j). In *Feres v. United States*, the Supreme Court significantly broadened this exception, ruling that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146; *Fleming v. United States Postal Service*, 186 F. 3d 697, 699 (6th Cir. 1999); *Lovely v. United States*, 570 F. 3d 788, 782 (6th Cir. 2009) (citations omitted). The phrase "incident to service" is not limited to military training and combat. *Major v. United States*, 835 F. 2d 641; 644-45 (6th Cir. 1987).

> Review of these Supreme Court precedents makes it clear that in recent years the Court has embarked on a course dedicated to broadening the Feres doctrine to encompass, at a minimum, all injuries suffered by military personnel that are even remotely related to the ... individual's status as a member of the military, without regard to the location of the event, the status (military or civilian) of the tortfeasor, or any nexus between the injury-producing event and the essential defense/combat

5

purpose of the military activity from which it arose.

*Lovely*, 570 F. 3d at 782-783. *Major*, 835 F. 2d at 644-45 (6th Cir. 1987).

Claims barred under the *Feres* doctrine are appropriately dismissed for want of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See, e.g., Stanley v. Cent. Intelligence Agency*, 639 F. 2d 1146, 1156-60 (5th Cir. Unit B Mar. 1981) ("[W]hen a case under the Tort Claims Act falls within the bounds of *Feres*, a judicially created exception to the Act, the Court likewise has no jurisdiction to hear the case."); *Ortiz v. United States ex rel. Evans Army Cmty. Hosp.*, 786 F. 3d 817, 829 (10th Cir. 2015) ("Remember that if *Feres* applies, then the government is immune to lawsuits notwithstanding the FTCA's broad waiver"); *Frankel v. United States*, No. 19-1113, 2020 WL 1867977, at *6 (4th Cir. Apr. 14, 2020) ("*Feres* provides that the United States is immune not merely from liability but also from suit."); *Flowers v. United States Army*, 179 Fed. Appx. 986, 988 (9th Cir. 2006); ("The district court concluded that the Supreme Court's decision in *Feres* bars the Flowers' claims against the federal defendants because those claims would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States. This conclusion is in accord with our case law, which 'broadly construes' *Feres* 'to immunize the United States and members of the military from any suit which may intrude in military affairs, second-guess[] military decisions, or impair[] military discipline.'") (*quoting Zaputil v. Cowgill*, 335 F. 3d 885, 887 (9th Cir. 2003) (internal quotation marks omitted) (emphasis and alterations in original)).

### D. *Bivens* Claims

Title 42 U.S.C. § 1983 provides a cause of action for constitutional deprivations arising out of actions taken under color of state law - not federal law. *Askew v. Bloemker*, 548 F. 2d 673, 676-77 (6th Cir. 1976). However, a plaintiff may maintain claims for constitutional deprivations arising

6

out of actions taken under color of federal law pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). The decisional law for § 1983 claims and *Bivens* claims is essentially the same. *Butz v. Economou*, 438 U.S. 478, 498-504, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978); *Hill v. Lappin*, 630 F. 3d 468, 471 (6th Cir. 2010); *Ruff v. Runyon*, 258 F. 3d 498, 502 (6th Cir. 2001); *McSurely v. Hutchison*, 823 F. 2d 1002, 1005 (6th Cir. 1987); *Garavaglia v. Budde*, 43 F. 3d 1472, 1994 WL 706769, at *1 n. 1 (6th Cir. Dec. 19, 1994) (table opinion).

The doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Shaner v. United States*, 976 F. 2d 990, 994 (6th Cir. 1992). To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F. 3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F. 3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F. 3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F. 2d 117, 119 (6th Cir. 1991), cert. denied, 502 U.S. 1032, 112 S. Ct. 872, 116 L. Ed. 2d 777 (1992).

Similarly, to establish a *Bivens* claim, a "plaintiff must allege facts which show the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 Fed. Appx. 847, 850 (6th Cir. 2005), available in 137 Fed. Appx. 847, 2005 WL 1506229 (citing *Browning v. Clinton*, 292 F. 3d 235, 250, 352 U.S. App. D.C. 4 (D.C. Cir. 2002). The *Bivens* doctrine serves as the counterpart to civil rights actions against state actors pursuant to 42 U.S.C. § 1983, and the decisional law developed under § 1983 generally applies to *Bivens*-type actions. *See Carlson v.*

*Green*, 446 U.S. 14, 21-22 (1980); *Butz v. Economou*, 438 U.S. 478, 504 (1978).

In Tennessee, the applicable statute of limitations for *Bivens* claims is one year." *Zundel v. Holder*, 687 F. 3d 271, 281 (6th Cir. 2012) (citing Tenn. Code Ann. § 28-3-104(a)(3); *Mason v. Dep't of Justice*, 39 F. App'x 205, 10 207 (6th Cir. 2002)); *Pike v. United States*, 868 F. Supp. 2d 667, 679-680 (M.D. Tenn. 2012); *Merriweather v. City of Memphis*, 107 F. 3d 396, 398 (6th Cir. 1997). "This one-year statute of limitations applies to claims filed against federal defendants pursuant to *Bivens*." *Mason*, 39 F. App'x at 207. "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*.

### E. Motion to Dismiss for Failure to State a Claim Under 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of this rule is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F. 3d 389, 406 (6th Cir. 1998).

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the Twombly standard, stating that

"[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 *(internal brackets omitted)*.

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F. 3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F. 3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F. 3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

In order to survive a motion to dismiss, a Complaint must state a plausible claim for relief. *Id.* at 680 (citations omitted). Thus, where a complaint states no more than conclusions, such "are not entitled to the assumption of truth." While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F. 3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Fed. R. Civ. P.. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

**F.     The Case at Bar**

Defendants argue that: (1) Ms. Diggs' Constitutional Claims are time-barred, and she fails to name a proper defendant; (2) Ms. Diggs' tort-claims are time barred; (3) this Court lacks jurisdiction over Ms. Diggs' tort claims; (4) this Court does not have jurisdiction over claims regarding VA benefits; and (5) the personal injury claim regarding Kroger[1] is not cognizable here. Docket No. 12, pp. 11-14.

Ms. Diggs responds that: (1) there is no valid statute of limitations in this case because there is no statute of limitations for veterans filing for benefits; (2) if there were a valid statute of

---

1 Kroger is not a party to this action and any claim against them does not apply to these Defendants.

10

limitations, she filed her claims within two years of becoming aware of her PTSD, which is within the statute of limitations; and (3) that her claims should not be barred by a statute of limitations because her claims arise from the Air Force failing to abide by their contract with her. *Id.* at 1-2. Ms. Diggs further argues that if this is not the proper court, then she is "being denied remedy, which is a continued violation of [her] due process rights." *Id*. at 5.

As a preliminary matter, this Court lacks subject matter jurisdiction over Ms. Diggs' claims against the VA. Ms. Diggs contents that "the VA did not provide [her with] benefits in accordance to that which [she] was entitled." Docket No. 1, p. 28. This decision by the Secretary of the VA "affects the provision of benefits by the Secretary to veterans" and therefore may not be reviewed by the court. 38 U.S.C. §511(a). The Sixth Circuit has previously held that the VJRA deprives district courts of subject matter jurisdiction over VA decisions relating to a plaintiff's benefits claim, including constitutional issues. *Beamon*, 125 F. 3d 965 at 970-74. Even taking the material allegations of Ms. Diggs' complaint as true and construing them in the light most favorable to her, this Court lacks subject matter over Ms. Diggs' claims regarding her VA benefits.

We next turn to Ms. Diggs' tort complaints against the Air Force. In this case, her tort claims include: (1) hypersensitivity to drugs after being treated for a sinus infection while stationed at Scott AFB around 1980; (2) deterioration of the cartilage in her right knee that was discovered in 1981; (3) a root canal that was not done properly in 1978; and (4) PTSD related to racial and sexual discrimination in 1977 and the removal of all of her upper teeth in 1978. Docket No. 1., pp. 4-8.

Ms. Diggs' tort claims are time-barred by the statute of limitations proscribed by the FTCA. Tort claims under the FTCA accrue at the time of a plaintiff's injury. *Kubrick*, 444 U.S. at 120. In this case, the claims accrued during the 1970s and 1980s. Docket No. 1, pp. 4-8. One requirement

11

for tort claims brought under the FTCA is that the claimant must present her claim in writing to the appropriate agency within two years of the date the claim accrued. 28 U.S.C. §2401 (b). Thus, Ms. Diggs' tort claims are roughly forty years past the statute of limitations.

Even if Ms. Diggs had filed this complaint within the two-year time period proscribed by the FTCA, her claims fail under the *Feres* doctrine. The phrase "incident to service" is not limited to military training and combat, including all injuries suffered by military personnel that are "even remotely related to the individual's status as a member of the military, without regard to the location of the event, the status of the tortfeasor (military or civilian) and any nexus between the injury producing event and the essential defense or purpose of the military activity from which it arose." *Major*, 835 F. 2d at 644-45. Thus, this Court lacks subject matter over these tort claims because, under *Feres*, the Government is not liable under the FTCA for injuries that arise out of or in the course of acting incident to service. *Feres*, 340 U.S. at 146; *Fleming*, 186 F. 3d at 699; *Lovely*, 570 F. 3d at 782.

Finally, we turn to Ms. Diggs' constitutional claims brought under *Bivens*. These claims are time-barred by the one-year statute of limitations imposed upon *Bivens* claims brought in Tennessee. *Pike*, 868 F. Supp. 2d at 679-680. The events that give rise to Ms. Diggs' complaints range from 1977-1984. Docket No. 1, p. 4. That statute of limitations in which to bring a *Bivens* claim regarding these complaints passed over thirty years ago.

However, Ms. Diggs does not state a complaint against an individual actor, but the federal agencies of the United States Department of Air Force and Department of Veterans Affairs. The doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages. *See Meyer*, 510 U.S. at 484-86; *Shaner*, 976 F. 2d at 994. Thus, even if Ms. Diggs' complaints were not time-barred, she has failed to name a proper *Bivens* defendant.

### III. Conclusion

For the foregoing reasons, the undersigned finds that this Court lacks subject matter jurisdiction over Ms. Diggs' complaints. The undersigned therefore recommends that the Defendants' Motion to Dismiss (Docket No. 11) be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**